*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0700**

Karla Coltrain,
Appellant,

vs.

American Family Mutual Insurance Company,
Respondent.

**Filed December 7, 2015
Affirmed
Rodenberg, Judge**

Ramsey County District Court
File No. 62-CV-14-3274

Dean M. Salita, Brabbit & Salita, P.A., Minneapolis, Minnesota (for appellant)

Nathan T. Cariveau, Eden Prairie, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Rodenberg, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

On appeal from a summary-judgment dismissal of her uninsured-motorist (UM) claim, appellant Karla Coltrain argues that the district court erred by concluding that her claim fails as a matter of law because the evidence fails to present a genuine issue of material fact concerning either the involvement of an uninsured motor vehicle, or that the

incident resulting in appellant's injury was an accident rather than an intentional act. We affirm.

**FACTS**

On April 6, 2007, appellant was driving her car eastbound on Interstate 94 (I-94) in St. Paul when the driver's side window suddenly shattered. When the window shattered, appellant heard a loud explosion and then saw or sensed a projectile passing in front of her face. Appellant was cut by broken glass from the window, but she was not struck by the perceived projectile. There is no evidence in the record of the window on the passenger's side being broken or damaged, and no projectile was found. Appellant believes that a gunshot broke the window.

After the incident, appellant continued east on I-94, exited the freeway, and went into a Target store parking lot. A K-car[1] then pulled up beside appellant, and one of the occupants told appellant that they could fix the window and directed appellant to get out of the car. Before this encounter, appellant was not aware of the K-car at any point during the incident. Appellant believes that the occupants of the K-car caused her window to shatter. The occupants of the K-car were never identified, as the car and its occupants left the lot when a store security officer approached.

Appellant brought a claim against respondent, her automobile-insurance carrier, for UM benefits. After discovery, respondent moved for summary judgment, arguing that appellant failed to establish that there was an uninsured motor vehicle involved in the

---

[1] The district court referred to this type of car as a "'K' car." The 1980s Chrysler vehicles of this type were commonly referred to as "K-cars." *See, e.g.*, Chrysler K-Car Club, http://www.chryslerkcar.com (last visited Nov. 10, 2015).

claimed shooting, or that appellant was injured in an "accident." The district court granted respondent's summary-judgment motion. This appeal followed.

**D E C I S I O N**

We review a district court's grant of summary judgment de novo. *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). In doing so, we determine "whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Id.* A genuine issue of material fact exists when there is sufficient evidence that could lead a rational trier of fact to find for the nonmoving party. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997). Summary judgment is not appropriate "when reasonable persons might draw different conclusions from the evidence presented." *Id.* Evidence is viewed in "the light most favorable to the party against whom summary judgment was granted." *STAR Centers, Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2012). But "when the nonmoving party bears the burden of proof on an element essential to the nonmoving party's case, the nonmoving party must make a showing sufficient to establish that essential element." *Russ*, 566 N.W.2d at 71 (citation omitted); *see also Williamson v. Prasciunas*, 661 N.W.2d 645, 653 (Minn. App. 2003) ("A mere argument . . . does not meet the requirements of Rule 56."). When a contract is at issue, summary judgment is appropriate if the contract is unambiguous and the material facts are not in dispute. *Estate of Riedel v. Life Care Ret. Cmtys.*, 505 N.W.2d 78, 81 (Minn. App. 1993).

Appellant argues that the district court erred by concluding that appellant's theory of the incident is based only upon speculation and conjecture, and that there is no genuine

3

issue of material fact.  Appellant argues that the evidence generated through discovery genuinely raises issues concerning:  (1) whether there was an uninsured motor vehicle involved in the incident, and (2) whether the shattering of appellant's window was the result of an accident.  Under appellant's insurance policy, "[respondent] will pay compensatory damages for bodily injury to an insured person who is legally entitled to recover from the owner or operator of an uninsured motor vehicle.  The bodily injury must be caused by an accident and arise out of the use of the uninsured vehicle."  The policy defines a motor vehicle as "a land motor vehicle or trailer."  The policy definition of an uninsured motor vehicle includes a "hit-and-run vehicle whose operator or owner is unknown and which caused bodily injury . . . ."  To survive summary judgment, appellant must show that genuine issues of material fact exist that would establish a prima facie claim for UM benefits.  A prima facie case for UM benefits requires evidence that an accident occurred involving an uninsured motor vehicle.

### *Uninsured motor vehicle*

We first consider appellant's argument that the district court erred in concluding that there was no genuine issue of material fact concerning whether an uninsured motor vehicle was involved in the shattering of her window.  Appellant's primary theory concerning the involvement of an uninsured vehicle is that a reasonable jury could find that the occupants of the K-car that pulled up next to her in the Target parking lot had caused her window to shatter, and that it is an uninsured motor vehicle because its owner and operator are unknown.  We agree with the district court that appellant's theory is entirely speculative.

4

The record contains no evidence concerning the involvement of another motor vehicle in the incident. Although appellant argues that the district court erroneously made factual findings, the district court made no findings on any disputed fact issues. To the contrary, it carefully recited the undisputed facts which support granting respondent's motion. First, appellant never saw the K-car until she was in the Target parking lot, two interstate exits beyond where the incident occurred. Second, although appellant believes that her window was shot out, she produced no proof of that. No bullet or shot was ever recovered, the passenger's side window was not damaged, and appellant never observed a gun in the K-car or anywhere else. Third, and critically, appellant conceded that "[t]here are no other identifiable vehicles involved in this incident." Appellant's counsel summarized the lack of evidence concerning the presence of any uninsured vehicle during the summary-judgment hearing at the district court:

> DISTRICT COURT: Do you have any evidence that she saw this vehicle before it showed up in the Target parking lot?
> COUNSEL: No, there's none in her testimony, and there's no witnesses.
> DISTRICT COURT: Okay. Do you have any evidence that she saw any vehicle from which a projectile could have come from to blowout her window?
> COUNSEL: Not that I remember from the testimony, Your Honor. . . . I don't think there was. I don't, I mean, without going and looking, but I don't believe there was.
> DISTRICT COURT: All right. So I guess my question is, what proof do you have that there actually was a motor vehicle involved in the incident that caused the window to blowout?
> COUNSEL: I don't know that as I sit here today I do. I'm saying that there's –
> DISTRICT COURT: Is that –
> COUNSEL: – circumstantial evidence that the vehicle showing up afterwards, that's my proof.

5

Our thorough review of the record confirms the propriety of these concessions. The record contains no evidence concerning the presence of another vehicle beyond appellant's speculation that her window was damaged by a gunshot that originated in another vehicle.

Even assuming for the sake of argument that appellant's deposition testimony presents circumstantial evidence supporting an inference of the involvement of an unidentified vehicle, that evidence is merely consistent with appellant's theory of the incident and is no more plausible than any other theory. *See Schweich v. Ziegler, Inc.*, 463 N.W.2d 722, 730 (Minn. 1990) (requiring circumstantial evidence to be strong enough to allow "reasonable minds . . . to conclude from the circumstances that the theory adopted outweighs and preponderates over opposing theories"). As the district court pointed out, it is equally likely that the K-car "observed the incident and followed [appellant] to offer assistance." Or "the car could have been travelling on the freeway, observed her damaged window, and decided to follow her to offer assistance or for less altruistic reasons." And if the window was shattered by a gunshot, there is no evidence of record explaining where the shot went after it hit the window. All that remains is speculation, which is insufficient to survive summary judgment.

In short, appellant has not presented any evidence tending to prove that the K-car or any other uninsured motor vehicle was involved in the incident. The district court did not err in granting summary judgment to respondent.

*Accident versus intentional act*

Even if appellant's claim were to survive summary judgment on the uninsured-motor-vehicle issue, we also note that appellant has failed to demonstrate the existence of an "accident." Under appellant's own theory of the case, the window-shattering was an intentional act. *McIntosh v. State Farm Mut. Auto. Ins. Co.*, 488 N.W.2d 476, 479 (Minn. 1992) (holding that (1) for purposes of UM benefits claims, an accident must be viewed from the perspective of the tortfeasor, and (2) an insured who was injured when she was shot by an uninsured third party was not entitled to UM benefits because the shooting was not an accident). Here, appellant's insurance policy provides for UM benefits when the insured sustains bodily injury "caused by accident."

Appellant argues that the district court erred by evaluating the incident from appellant's point of view, rather than from the phantom tortfeasor's point of view. Although appellant arguably misconstrues the district court's analysis,[2] appellant's argument is without merit. She has failed to present any evidence tending to prove that the incident was an accident. Appellant's complaint describes an intentional act: "[Appellant] was operat[ing] her [vehicle] . . . when the window in her vehicle was *shot*

_____

[2] The district court concluded its analysis of the accident issue by stating that "no evidence has been presented as to whether, viewed through [the tortfeasor's] eyes, the act was accidental or intentional." Appellant's argument seems to rely on the district court mentioning appellant's deposition testimony that the incident was intentional. But the district court made mention of appellant's testimony in the context of analyzing the absence of any "evidence in any of the pleadings, Plaintiff's deposition testimony, or any other proof that an accident occurred in which a motor vehicle was involved in causing Plaintiff's injuries." The district court properly included appellant's viewpoint of the incident to emphasize the absence of evidence sufficient to lead a rational trier of fact to find that this was an accident.

*out* by unknown individual or individuals."  In her deposition testimony, appellant clearly describes the incident as an intentional act:

> APPELLANT:  . . . I felt that something criminal was happening.
> COUNSEL:  . . . So you felt this was not some natural occurrence or some accidental occurrence?
> APPELLANT: No.
> COUNSEL:  Like a car accident might be or a natural occurrence like a storm causing damage to your car.  This was something that someone had done that shouldn't be done?
> APPELLANT:  It was intentional.
> COUNSEL: Okay.  That was your feeling at that point?
> APPELLANT:  Absolutely.

Appellant presents no evidence that would allow a reasonable jury to conclude that she was injured in an accident.  Therefore, even assuming the involvement of an uninsured motor vehicle, the district court properly granted summary judgment because no reasonable jury could conclude that appellant was injured in an accident.

**Affirmed.**